IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELLIS TRICE                                                        PETITIONER

v.                              Case No. 2:11-CV-02158

STATE OF ARKANSAS                                                  RESPONDENT

**O R D E R**

Currently before the Court is the Report and Recommendations (Doc. 3) filed in this case on December 13, 2011, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Petitioner's Objections. (Doc. 4).

The Court has reviewed this case and, being well and sufficiently advised, finds as follows: Plaintiff's objections offer neither law nor fact requiring departure from the Report and Recommendations.   Plaintiff argues, in his objections, that his grounds for default on his Rule 37 Petition in state court are that he has been repeatedly moved during his period of incarceration and, therefore, has not timely received court documents pertinent to his case.   However, even if Petitioner's moves may have provided cause for a default in filing his Rule 37 petition,[1] the Court finds that his Petition in this Court is still barred by the applicable statute of limitations. Petitioner was seven months late in filing his Petition with this Court.  Petitioner has not provided the Court with all the relevant dates of his moves, but the Court nevertheless finds that any moves during the relevant time period would not amount to "extraordinary circumstances" which made it impossible for Petitioner to file his petition on time. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (quoting

---

[1] As the Court decides herein that Petitioner's claim is barred on alternative grounds, the Court assumes, without making a finding, that Petitioner might have grounds for a default in filing his Rule 37 petition in state court.

*Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)).  Petitioner complains specifically that he did not receive a transcript until May 25, 2010.  The Arkansas Court of Appeals had already issued its mandate on January 15, 2010, which is the date that the judgment became final for purposes of the statute of limitations.  The Court cannot find that the delay in receiving a transcript prevented Petitioner from timely filing his petition in this Court, as the statute of limitations allowed for Petitioner to file his claim until January of 2011.  Furthermore, "lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling."  *Id.* at 806.

The Court finds, therefore, that the Report and Recommendation is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**.  Accordingly, for the reasons stated in the Magistrate Judge's Report and Recommendations, and for the reasons outlined above, IT IS ORDERED that Petitioner's Habeas Corpus Petition (Doc. 1) filed under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 24th day of January, 2012.

/s/ *P. K. Holmes,* III

P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE